## PICKERING LIGHT AND WATER COMPANY v. SAVAGE.

### L. A. No. 1079; July 24, 1902.

#### 69 Pac. 846.

**Appeal—Specification of Error.**—Where, on an Appeal from an order denying a new trial, there are no specifications of insufficiency of evidence, the question whether the findings are supported by the evidence cannot be considered.

**Boundary—Evidence.**—Where, in an Action to Determine a boundary line, a witness has testified to a survey, the admission in evidence of a map made by him explanatory of such survey is not error.

APPEAL from Superior Court, Los Angeles County; W. F. Fitzgerald, Judge.

Action by the Pickering Light and Water Company against William E. Savage. The plaintiff had judgment and defendant appeals from an order denying a new trial. Affirmed.

William E. Savage in pro. per.; Chas. Monroe for respondent.

SMITH, C.—This is a suit to quiet title to the land described in the complaint. The judgment was for the plaintiff, and the defendant appeals from an order denying his motion for new trial.

The defendant is the owner of the southeast quarter of the southeast quarter of section 22, township 2 south, range 11 west, and the plaintiff, of the northeast quarter of the southeast quarter of the section named, and also of section 23 of the same township, adjoining section 22 on the east. The land in controversy is a strip of land along the eastern and northern boundaries of defendant's land, claimed by the plaintiff and the defendant, respectively, to be within their several tracts. The questions involved relate to the location of the southeast corner of section 22, and to an alleged practical location of the north and east boundaries of the section by a survey made by the plaintiff in the year 1887, agreed to or acquiesced in by the defendant. To the latter contention

the evidence cited by the appellant gives some color; but, unfortunately, with the best disposition to do so, we are precluded from examining the question by the lack of any specifications of insufficiency of evidence, with reference to the findings either on this or other points. The specifications of error are also, with one exception, insufficient to inform us as to the errors complained of. In the excepted case the ruling complained of was the admission of a map made by the witness, explanatory of a survey to which he had testified, and was clearly right.

We recommend, therefore, that the order appealed from be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.